FREDERICK SCHMIDT v. THE MUTUAL CITY & VILLAGE FIRE INSURANCE COMPANY FOR THE COUNTIES OF BERRIEN, CASS AND VAN BUREN.

*Insurance—Overvaluation—Estoppel by proofs of loss.*

1. Overvaluation of property in applying for insurance thereon can hardly become material where the insurance contract provides that the amount to which the insured shall be entitled in case of loss shall not exceed three-fourths of its actual value at the time of loss.

2. An insured person is not estopped by his proofs of loss from showing losses not mentioned therein unless the insurer, by relying on the proofs, has been placed in such a position that the admission of the farther showing would be inequitable.

Error to Berrien. (A. J. Smith, J.)   Oct. 14–15.—Jan. 7.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*O. W. Coolidge* and *Edward Bacon* for appellant.

*Emory M. Plimpton* and *Clapp & Bridgman* for appellee.

CHAMPLIN, J. · Plaintiff insured his house and household furniture, clothing and provision therein, in defendant company. The house he valued in the application at $550, insured for $400; and the personal property was valued in the policy at $400, and insured for $300. The house and a portion of its contents were destroyed by fire on the 13th or morning of the 14th of January, 1882. The officers of the company seem to have entertained the opinion that the house was burned by plaintiff to defraud the company, and refus-ing to pay the loss, this suit was brought upon the policy. The defendant pleaded the general issue and gave notice that on the trial it would introduce evidence to show that the fire alleged in plaintiff's declaration was caused by the fraudulent act of the plaintiff, with intent to injure and defraud the defendant. The trial resulted in a verdict for plaintiff, and the defendant brings the case into this Court and assigns twenty-seven errors. Six of these refer to rulings of the court in the admission of testimony, and the remainder to alleged errors of the court in charging and refusing to charge the jury as requested. We consider it unnecessary to specify with particularity the errors assigned upon the admission of testimony. It is sufficient to say that we have examined them with care, and are satisfied that none of them are well taken; and the same may be said with respect to those which are based upon the charge of the court as given.

The issue to be tried under the notice given in accordance with Circuit Court Rule 104 was brought within a narrow compass as matter of defense, after plaintiff had made his case. And we see from the record before us that the defendant introduced testimony upon the point set up in its notice. Defendant's counsel now claims that the building was over-valued in the application and policy, as shown by the testimony of actual value produced upon the trial, and that such overvaluation constituted a warranty, and if not correct, avoided the policy. The application states the *estimated* value at $550, and the insurance applied for, $400, and it was insured upon the latter basis. It also states that the application is to be deemed a warranty of the facts stated therein,

and a part of the contract of insurance. ‑ The charter and by-laws are also made a part of the contract of insurance. Section 18 of the charter reads as follows:

"Sec. 18. This company will pay three-fourths of the actual value of the buildings at the time of burning, and also three-fourths of the cash value of personal property insured, or of the damage done thereto, provided they are insured to that amount. But if the insurance is equal to or greater than the actual value of the insured property, the insured will not be entitled to more than the said three-fourths of the actual value, as determined by the board of directors."

Construing the application and this section of the charter together as part of one contract, it is not perceived how any overvaluation can become material. The charter guards against overvaluation by providing in such case the company shall only pay three-fourths of the actual value at the time of the loss, not that it shall be entirely exonerated from payment. The only clause with reference to forfeiture is at the close of section 10 of the By-Laws, which reads: "If there be any fraud or false swearing with fraudulent intent, the claimant shall forfeit all claims by virtue of the policy for such loss." This refers to representations required to be made in that section after a loss has occurred, and with reference thereto. The testimony as to actual value ranged from $150 to $500, and counsel for defendant submitted a question to the jury to find the actual value at the time of the fire, and in answer they found it to have been $366.66. If the policy had contained provisions to the effect that over-insurance would render it void, it would seem like splitting hairs to say that a man's judgment of the value of his building which differed $33.34 from that placed upon it by the verdict of a jury based upon the judgment of several witnesses, constituted a breach of warranty of value. Besides, this statement of value was made by the plaintiff in September, 1879, and there may have been, and very likely was, some depreciation in value at the time it was burned, in January, 1882.

The defendant's counsel requested the court to instruct the jury as follows:

1. In this cause it is not necessary for the defendant to prove the plaintiff's fraudulent act beyond reasonable doubt; there is no need of more than a preponderance of evidence.

2. In this cause the jury ought to find for the defendant on any issue where there is a preponderance of evidence in favor of the defendant.

3. The estimated value set down in the application signed by Frederick Schmidt are his estimates, and not the estimates of the defendant.

4. No estimate of value set down in the application signed by the plaintiff is, by virtue of said application, any more than the plaintiff's own estimate.

5. The plaintiff cannot recover in this action more than three-fourths of what, at the time of the fire, was the cash value, or so much of the insured property, as was burned.

6. The defendant is not estopped by any valuation of the insured property, set down in the policy or application, from showing its actual value at the time of the fire by any legal evidence.

7. The measure of value which must govern in this case is the fair market value at the time of the fire.

8. The jury are to determine the value of property in this case according to the fair market value at the time of the fire.

9. No valuation at the date of the issuing of the policy is to govern in this case.

10. The charter and by-laws printed in the policy are a part of the contract of insurance in this case, and the plaintiff is bound thereby.

11. This is a civil and not a criminal case, and the rule of evidence in this case differs from the rule in a criminal case in this: that in a criminal case guilt must be proved beyond any reasonable doubt; but in this case it is sufficient to prove by a preponderance of evidence only the fraudulent act of the defendant alleged in the notice adjoined to the plea.

12. The plaintiff cannot recover unless he has proved by a preponderance of evidence that he has used due diligence to save all property exposed to loss at the time of the fire.

13. The plaintiff cannot recover if it appears by the preponderance of evidence that at the time of the fire, the plaintiff did not use due diligence to save all property exposed to loss at the time of the fire.

14. In this case mere neglect of duty to use due diligence to save all of the insured property exposed can defeat the plaintiff's right to recover anything.

15. The defendant is a mutual company ; the plaintiff was a member of the company, and by the contract of insurance in this case was bound to comply with all that the same required of him.

16. The charter and by-laws in this case form part of a special contract between the parties.

17. If the jury find that the plaintiff, in presenting his claim to the defendant, was guilty of any fraud or false swearing, with fraudulent intent, then the plaintiff cannot recover anything in this suit.

18. In this case the plaintiff, by false swearing with fraudulent intent, can forfeit his claim to any recovery.

19. In this case the plaintiff can by fraud forfeit his claim to any recovery.

20. The plaintiff is estopped by his proof of loss, and cannot recover in this action for any article or articles of personal property not mentioned in his proof of loss.

21. If the house accidentally caught on fire, and the plaintiff, when he could thereafter have had the fire put out by the exercise of ordinary diligence, fraudulently contrived or allowed the house to be destroyed by fire, and fraudulently desisted from the exercise of ordinary diligence, the plaintiff cannot recover.

22. As to the personal property burned, the plaintiff can recover for the same no more than three-quarters of the cash value thereof at the time of the fire. The cash value mentioned in the charter means the cash value in the market at the time of the fire.

All of which were granted and given to the jury excepting the following : " The plaintiff is estopped by his proof of loss, and cannot recover in this action for any article or articles of personal property not mentioned in his proof of loss." To the refusal to give this request defendant duly excepted, and has assigned error thereon. There is hardly room for the doctrine of estoppel to apply for the cause stated in the request. A person is estopped to show the existence of a fact when, by his act, declarations or conduct, it is against conscience that he should be permitted to show the truth. In order to preclude the party, the opposite party

must have done some act or changed his situation in reliance upon the statement or conduct of the party to be estopped. But the defendant has done nothing upon the faith of the proofs of loss by which they would be prejudiced if some articles were proven on the trial to have been lost, which were not enumerated in the proofs of loss made out and forwarded to the company. The ruling of the circuit judge was correct. The jury have passed upon the testimony in the case under proper instructions from the court, and the judgment based upon their verdict must be

Affirmed.

The other Justices concurred.