Walter S. McAllaster, Respondent, *v.* Niagara Fire Insurance Company, Appellant.

1. Fire Insurance — Election to Rebuild. Under the New York standard fire insurance policy, the company's right of election to rebuild expires thirty days after service of the proofs of loss and does not run from the ascertainment of the loss by arbitration.

2. Rebuilding after Lapse of Right of Election — Right of Insured to Money Payment. After the right of the company to exercise its election to rebuild has been cut off by the lapse of thirty days from the service of the proofs of loss, before its attempted exercise, the insured, by his mere silence, without any affirmative act calculated to mislead the company, is not estopped from insisting upon his right to hold the company to its contract liability of making payment in money, even though the company rebuilds.

*McAllister* v. *Niagara Fire Ins. Co.*, 84 Hun, 322, affirmed.

(Argued April 28, 1898; decided May 13, 1898.)

Appeal from a judgment of the late General Term of the Supreme Court in the second judicial department, entered February 26, 1895, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert Thorne* for appellant.   Under the standard policy of the state of New York, the insurer has thirty days from the final ascertainment of the loss or sum of money payable under the policy within which to make its election to rebuild, and such final ascertainment is an award by appraisers when an appraisal has been required.  (*Clover* v. *Greenwich Ins. Co.*, 101 N. Y. 277; *Coyne* v. *Weaver*, 84 N. Y. 386; *Lyon* v. *Hersey*, 103 N. Y. 264.)   The plaintiff is estopped from exacting a double recovery from defendant.  (*Ware* v. *N. Y. B. F. Ins. Co.*, 130 N. Y. 545; *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 419; *Armstrong* v. *Agricultural Ins. Co.*, 130 N. Y. 568; *Wendell* v. *Van Rensselaer*, 1 Johns. Ch. 344; 2 Beach on Modern Eq. Jur. § 1105; *McClare* v. *Lockard*, 121 N. Y. 308; *Robbins* v. *S. F. & M. Ins. Co.*, 79 Hun, 117; *Brink* v. *H. F. Ins. Co.*, 80 N. Y. 108; *Bishop* v. *Agricultural Ins. Co.*, 130 N. Y. 488.)   Where performance or non-performance of certain acts within a certain specified time becomes material, evidence tending to show that delay was caused by the party seeking to avail himself of technical rights accruing from such delay is admissible.  (*Smith* v. *Home Ins. Co.*, 47 Hun, 30; *Craighton* v. *Agricultural Ins. Co.*, 39 Hun, 319.)

*Ambrose G. Todd* for respondent.   There is no inherent right to rebuild under an insurance contract, and any right to do so must be derived from the policy.  (*Wallace* v. *Ins. Co.*, 4 La. 289; *Ins. Co. of N. A.* v. *Hope*, 58 Ill. 75; *Bradfield* v. *Union Co.*, 9 W. N. C. [Penn.] 436; *Commonwealth Ins. Co.* v. *Sennett*, 37 Penn. St. 205; *Home Ins. Co.* v. *Garfield*, 60 Ill. 124; May on Ins. § 430.)   The defendant lost its

11

right to rebuild by default in giving notice within thirty days after the receipt of the proofs of loss. (*Clover* v. *Greenwich Ins. Co.*, 101 N. Y. 277; *Harrington* v. *Hanover Ins. Co.*, 5 N. Y. S. R. 417; *Kelly* v. *Sun Fire Office*, 141 Penn. St. 10; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Davis* v. *Amer. Cent. Ins. Co.*, 7 App. Div. 488; *Beals* v. *Home Ins. Co.*, 36 N. Y. 522; *Merrell* v. *Irving F. Ins. Co.*, 33 N. Y. 429.) The defendant is bound by the award of appraisers. (*Wheeler* v. *Watertown Ins. Co.*, 131 Mass. 1; *Smith* v. *Van Nostrand*, 5 Hill, 419; *Brady* v. *Mayor, etc.*, 1 Barb. 584; *Isaac* v. *Society, etc.*, 1 Hilt. 469; *Hamilton* v. *Ins. Co.*, 106 Mass. 395; *Liverpool, etc.*, v. *Goehring*, 99 Penn. St. 13.) The company having no right to rebuild, it is of no avail that it has done so. (*Swenson* v. *Girard Ins. Co.*, 11 Ins. L. J. [Col.] 235; *Ins. Co. N. A.* v. *Hope*, 58 Ill. 75.) This defense is not available because not pleaded. (*Phenix* v. *Batchelder*, 49 N.W. Rep. 217; 28 Am. & Eng. Ency. of Law, 536.) The plaintiff has not waived defendant's default in making a timely election to rebuild. Some positive act is necessary. Silence is not enough. (*Armstrong* v. *Agricultural Ins. Co.*, 130 N. Y. 560; *Ronald* v. *Mutual R. F. L. Assn.*, 132 N. Y. 378; *Weed* v. *London & L. F. Ins. Co.*, 116 N. Y. 106; *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410; *Van Tassel* v. *Greenwich Ins. Co.*, 151 N. Y. 130.)

Bartlett, J. This is an action upon the standard policy of fire insurance. Two principal questions are presented by this appeal: First, was the defendant's election to rebuild, made in time; second, if not, is plaintiff estopped from insisting that the time to make this election had expired?

Plaintiff's house was situated at Congers, Rockland county, and insured for two thousand dollars. This insurance was carried by the defendant and the Agricultural Insurance Company, of Watertown, New York.

The house was completely consumed by fire on August 27th, 1893, and on October 25th following, the plaintiff served his proofs of loss. Later an agreement of appraisal was signed

by the parties, and an award in that proceeding was made on the 20th of March, 1894. On the 10th of April following, the companies notified the plaintiff that they elected to rebuild.

It is alleged that they did rebuild, and tendered the keys to the plaintiff on the 3rd day of the following July, offering a house similar to the one burned. The plaintiff declined to accept the keys, having some weeks prior to that time instituted the present action on the defendant's policy.

The first question to be determined is, at what time the defendant's right of election to rebuild expired under the provisions of the policy.

A copy of the policy is in evidence with numbered lines as used in the standard form. The material portions bearing upon this question are found in lines 4 and 5, 69 to 90 and 92 to 95.

Line 4 prescribes that the loss shall be payable " sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy."

Lines 4 and 5 provide : " It shall be optional, however, with this company to take all, or any part, of the articles at such ascertained or appraised value, and also to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time on giving notice, within thirty days after the receipt of the proof herein required, of its intention so to do."

The question now before us turns upon the construction of the words; " proof herein required." The precise meaning of these words will be considered later.

Lines 69 to 90 provide for the usual proofs of loss in detail, and also for appraisement upon disagreement as to amount.

Lines 92 to 95 are as follows : " This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for ; and the loss shall not become payable

until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

The defendant insists that it has thirty days from the final ascertainment of the loss, or sum of money payable under the policy by arbitration and award, within which to make its election to rebuild.

The learned counsel for the appellant argues that this is a case of first impression in this court under the standard policy, and that we are called upon to decide a question of great interest to insurance companies and the holders of their policies.

While the standard policy has introduced some new provisions, it does not differ materially from the old form as to the question now to be considered. This court has held that the time in which the company can elect to rebuild the destroyed premises runs from the service of the proofs of loss.

The policy confers upon the company two distinct rights: one is to rebuild, and the other is to make payment of the loss in money. The ordinary procedure is for the insured to serve his proofs of loss, as required by the policy, within sixty days after the fire, and if the company is satisfied that it can replace the destroyed building for less than the proofs call for, it exercises its election to rebuild within thirty days after they are served.

It is to be observed that no other proofs are "required" by the policy, as arbitration is a matter of election on the part of the company, the insured having no choice in the matter.

If the company does not elect to rebuild, but is, nevertheless, dissatisfied with the amount called for by the proofs of loss, it can call for an appraisement, and the question is tried before arbitrators selected by the parties, as provided by the policy, and the sum so ascertained as due the insured is payable in money within sixty days after the award is made.

The policy does not contemplate that, after a contest as to

the amount due, the company still has in reserve the right to rebuild.

It is a fair construction of the policy that a resort to arbitration by the company is an election to make payment in money.

The question was decided in this court in *Clover* v. *Greenwich Ins. Co.* (101 N. Y. 277). In that case the policy provided that the loss was payable " sixty days after due notice and proofs of the same, received at the office, made by the assured in accordance with the terms and provisions of this policy, unless the property be replaced, or the company have given notice of their intention to rebuild or repair the damaged premises."

This policy also contained the usual provisions for appraisal.

The defendant served a written offer electing to rebuild some four months after service of the proofs of loss.

This was sought to be proved upon the trial. The court said, Chief Judge Ruger writing the opinion : " This evidence was claimed to be admissible, under the clause in the policy providing that it should be optional with the company to repair or rebuild the property damaged within a reasonable time, giving notice of their intention so to do, within sixty days after the completion of the proofs therein required. The proofs therein referred to are evidently the proofs of loss, unconditionally required to be made by the assured, according to the terms of the policy, and do not refer to the subsequent optional proceedings provided by the policy, for ascertaining the amount of a loss, which may or may not be required to be taken, in any given case. It would be an unreasonable construction of this contract, to extend the exemption of the defendant from suit, and give it a right to defeat an action already brought, to a period which it had power to prolong indefinitely, even to the running of the limitation, provided by the policies in favor of the insurers. * * * Any other construction would involve the manifest absurdity of giving the assured a vested cause of action for his loss, and the defendant an indefinite right to defeat it, by a subsequent

election to repair or rebuild the property damaged. We think this option terminated when a right of action accrued to the assured, upon the policy by the expiration of the sixty days' period of limitation, and the other express limitations therein provided."

· It, therefore, follows in the case at bar that the defendant's right of election to rebuild terminated on the 25th day of November, 1893, that being the expiration of the thirty days after the service of the proofs of loss.

This brings us to the second question, as to whether the plaintiff is estopped by his silence, under the circumstances disclosed, from objecting to defendant's election to rebuild.

The facts are briefly these : The fire occurred August 27th, 1893 ; proofs of loss were served October 25th, and the award of the umpires on contested proofs of loss was served March 20th, 1894.

At this point we reach the material transactions as claimed by the defendant. On the 10th day of April, 1894, seven and one-half months after the fire and five and one-half months after the receipt of proofs of loss, defendant notified plaintiff of its intention to rebuild.

The plaintiff did not reply to this letter.

On the 23d of April, 1894, the defendant addressed a second letter to the plaintiff, as follows : " The undersigned insurance companies notify you that they have this day sent their builder to Congers to commence rebuilding your house which was damaged by fire," etc.

It will be observed that the defendant, without any affirmative act on the part of the plaintiff during this interval of thirteen days between the letters referred to, entered into its contracts with the builders and commenced the work upon the new house.

The joint letter of the Building Association and plaintiff of the 4th of May following was only important as hereinafter pointed out. That letter, addressed to defendant, reads as follows : " We are to-day informed that you are taking steps to rebuild the McAllaster house at Congers, Rockland

county, N. Y. As we have already notified you, your right to rebuild is now gone. Anything you do in that direction is at your own peril. We shall not accept the house and shall sue you for the insurance money as soon as we can legally do so."

These letters were put in evidence by defendant when plaintiff was upon the stand, and the record describes them as received and identified by him. They are unexplained by the evidence, and the letter of May 4th shows upon its face that the defendant had been notified previous to that date that its right to rebuild did not exist.

How long before the 4th of May this notification was given is left to conjecture. It was incumbent upon the defendant, when seeking to establish the technical defense of estoppel, to have made this point clear.

As the defendant had only thirty days in which to exercise its election to rebuild after the service of the proofs of loss, and that right having been cut off by lapse of time before its attempted exercise, the question is presented, whether the plaintiff by his mere silence, without any affirmative act calculated to mislead the defendant, is estopped from insisting upon his right to hold the defendant to its contract liability of making payment in money.

In the case of *Armstrong* v. *Agricultural Ins. Co.* (130 N. Y. 560) this court dealt with the principle here involved. One of the conditions of this policy was that "if proceedings shall be commenced to foreclose any mortgage upon the insured property, * * * then this entire policy and every part thereof shall be null and void, unless the written consent of the company at the New York office is obtained."

The loss was payable to the mortgagee, as his interest might appear.

The mortgagee began a foreclosure of his mortgage without permission of the company.

Before judgment he notified the company of the foreclosure action and asked consent to continue.

The company made no reply.

On the 4th of February judgment was entered, and on the 10th of that month the building was burned.

The lower court found that the company had waived the forfeiture of the policy by its silence.

This court said : " The commencement of the suit rendered the policy from that time void. The plaintiff must be presumed to have known of that fact. He deliberately violated the condition and destroyed his contract and then informed the defendant of his act. It would require some affirmative action on defendant's part under such circumstances to indicate that it intended to waive the result of the plaintiff's breach."

In *Van Tassel* v. *Greenwich Ins. Co.* (151 N. Y. 130) the question was again considered. The defendant insured the premises in question for $10,000, January 1st, 1889, for the year ; this policy was duly renewed until January 1st, 1891, and at the latter date the plaintiff received a renewal for another year in the form of a binding slip.

On the 7th of January, 1891, a week after this renewal took effect, defendant addressed a letter to plaintiff's broker as follows : " Your application for renewal of insurance, &c., is declined for $10,000 ; would renew for $5,000 if wanted. You will, therefore, consider that the risk is not held binding by this company for more than $5,000."

The plaintiff made no reply to this communication, and six days thereafter the premises were destroyed by fire.

This court held that the binding slip created a valid insurance ; that the letter of January 7th, addressed to the plaintiff, did not amount to a cancellation of the insurance, and that plaintiff's failure to reply to the letter in no way affected the insurance.

This case also dealt with alleged acts of waiver after the fire, but they are not material in the case at bar.

In *Titus* v. *Glens Falls Ins. Co.* (81 N. Y. 410) the question of the effect of a foreclosure suit without the consent of the company was under consideration.

The court there held, in accordance with the uniform line of decisions, that such an act renders the policy null and void ;

that the fact that the defendant after the fire had required the insured to appear before an officer and be examined as provided in the policy was an affirmative act of waiver.

In that action Judge EARL said, in writing the opinion of the court, "When there has been a breach of a condition contained in an insurance policy, the insurance company may or may not take advantage of said breach and claim a forfeiture. It may, consulting its own interest, choose to waive the forfeiture, and this it may do by express language to that effect, or by acts from which an intention to waive may be inferred, or from which a waiver follows as a legal result. A waiver cannot be inferred from its mere silence."

In the cases cited the question of no waiver was in favor of the company, and in the case at bar it is in favor of the insured, but there is no difference in principle.

In the case before us, when the company elected to rebuild on the 10th day of April, 1894, its right to do so had expired in the preceding November.

It must be held to have known that fact, and the plaintiff was under no obligation to argue with it as to the legal situation.

The company had recently conducted against plaintiff an arbitration proceeding, resulting in an award which its own arbitrator refused to sign, and it may be inferred that the parties were standing on their strict legal rights.

If this record disclosed any affirmative act of the plaintiff by which the defendant was misled into believing that he had recognized its right to rebuild, and acting upon the same had made its contracts with materialmen and builders, a very different state of facts would be presented.

It is said that the plaintiff stands here without equity, seeking a double recovery.

The answer is, that the plaintiff stands here in a court of law seeking to enforce what he claims are his strict legal rights.

It is uncontroverted that, after the letter of April 10th, 1894, and without any response from the plaintiff, the defend-

ant, within thirteen days, had made its contracts and entered upon the work of rebuilding the house; and if, as matter of law, it was doing this without right, or any act on the part of the plaintiff upon which it could found an estoppel or waiver, and loss ensues, it is but just that it should be borne by the defendant.

There is no hardship in charging the defendant with knowledge of the conditions of its own policy.

There is no principle of law which compels the plaintiff to accept a different kind of performance than that contemplated by the strict letter of the policy, because he chose to remain silent when the defendant unlawfully asserted its right to rebuild and proceeded immediately to exercise it.

The judgment appealed from should be affirmed, with costs.

All concur, except GRAY and O'BRIEN, JJ., who dissent on the ground that there were facts and circumstances which permitted a fair inference that the plaintiff had acquiesced in the rebuilding of his house by the insurance company, and that, therefore, it was error to refuse the defendant's request to submit the question to the jury.

Judgment affirmed.