65  163
f68  812

The Alliance Cooperative Insurance Company
v. Richard Arnold.
No. 12,691.  (69 Pac. 174.)

SYLLABUS BY THE COURT.

Insurance—*Agreement to Arbitrate Loss—Waiver of Option to Repair.* An agreement made by an insurance company whereby the actual cash loss and damage done to the property of the insured was submitted to arbitrators for decision and award is a waiver on the part of the company of an option to repair, reserved in the policy.

Error from Labette district court; W. B. Glasse, judge *pro tem.*   Opinion filed June 7, 1902.   Affirmed.

*Gilluly & Stanley,* for plaintiff in error.
*Kimball & Osgood,* for defendant in error.

The opinion of the court was delivered by

Smith, J. : This was an action on an award of arbitrators for loss covered by an insurance policy issued by plaintiff in error to Richard Arnold, indemnifying him against damage by wind-storm, cyclone, or tornado. The residence of the defendant in error was damaged by a wind-storm. After electing to repair, which the insurance company had the right to do under the conditions of the policy, a dispute arose between the insured and the agents of the company as to the extent of the repairs which the latter intended to make, and thereafter it was agreed between the parties, in writing, to submit the matter to arbitrators, who, by the terms of the articles of submission, were authorized to "arbitrate and determine the actual cash loss and damage done by the wind." It was provided in the agreement as follows :

"This appointment is without reference to any

other question or matters of difference within the terms and conditions of the several policies of insurance of the said companies, and is not to be taken as a waiver on the part of the said companies of any of the conditions of their policies, should they elect to avail themselves thereof ; but is of binding effect only so far as regards the actual loss and damage to the property covered by the several policies of insurance. . . . The consideration of this agreement being the avoidance of future misunderstandings and.litigation as to the amount of said loss and damage.''

The by-laws of the company, made a part of the policy, contained the following provisions with respect to the right of the company to repair, and of arbitration in case of loss :

''This company reserves the right to repair, replace or rebuild the property damaged or destroyed with other like kind or quality, and if they elect to do so, they shall, within thirty days after the final proofs are in, notify the loser of their decision.''

.    .    .    .    .    .    .    .    .    .    .    .

''In case the executive committee or adjuster and parties sustaining loss fail to agree upon the amount of damages or loss, the same shall be submitted to three disinterested persons as arbitrators, one of whom shall be selected by the claimant, one by the adjuster, and the third by these two persons.    Said arbitrators shall be sworn and shall have authority to examine and determine all matters of dispute, and shall make a fair and impartial award in writing to the company ; and no suit shall be commenced against the company until such arbitration shall be had.    The award of such arbitrators shall be final and conclusive upon both parties as to the amount of loss sustained, but of no other question or facts pertaining thereto ; but shall not decide as to the legal liability of the company or the insured.''

There was an award in favor of the plaintiff below

of $253.08, as the amount of loss and damage to the property, itemized as follows :

$25.60 on taking off siding.
10.00 on nailing boxing.
25.50 putting on siding.
 7.68 on nails.
10.00 repairing foundation and leveling house.
 3.50 on repairing roof.
19.00 on chimneys.
 7.00 on porch repairing.
 2.00 screen door.
 3.00 repairs shutters.
16.50 600 ft. extra siding.
109.20 plaster, outside walls.
12.00 hauling material.

$251.08
 2.00 spouting.

$253.08

The company declined to pay the sum fixed by the arbitrators, on which refusal the plaintiff below brought suit and recovered judgment for the amount, with interest, of which judgment the insurance company complains.

Under its contract to indemnify the insured, the company was bound in repairing the loss to restore the building to the condition existing before the storm. This, as the jury found, would cost $253.08. It is difficult to understand what purpose was to be accomplished by the arbitration if the company could repudiate the award. If the company had proceeded and expended the amount found by the arbitrators to be necessary to repair the building, it would have saved nothing, and the result would have been the same to it as if it had paid the amount at once.

If there was no waiver of the right to repair by the submission to the arbitration, the award settled nothing and involved the policy-holder in a controversy out of which no benefit whatever could result to him, leaving the option to repair still to be exercised by the company. The reasoning in *Elliott v. Fire Insurance*

*Co.*, 109 Iowa, 39, 79 N. W. 452, 453, commends itself as sound.   It is there said :

"Without arbitration, the company may ascertain the actual loss ; and this, it would seem, is quite sufficient to enable it to make a just election of the method it will pursue in recouping the damage.   That an election to rebuild is a waiver of the right to arbitrate is not questioned, as this, *eo instante*, converts the policy into a building contract. (*Zalesky v. Insurance Co.*, 102 Iowa, 512, 70 N. W. 187, and 71 N. W. 433 ; *Wynkoop v. Insurance Co.*, 91 N. Y. 478.)   The demand to arbitrate is an election to make payment, for that there is no good reason to measure the extent of the loss in money save for the purpose of liquidation.   Arbitration may require a trial, and invariably involves considerable expense.   Can it be supposed that the parties, in making the contract, intended such an outlay by the insured, merely to advise the company by which method (payment or rebuilding) it could escape at the smallest expense and confer the least advantage on the assured?   If so, the company may await arbitration, and then make payment or rebuild as best subserves its interest, though in either event the assured is bound.   In other words, under such an interpretation the company may speculate at the assured's expense without possibility of loss to itself.   The law ought not to countenance a legal contest, even before arbitrators, the sole purpose of which is to enable one of the parties to make choice of methods in discharging its obligation to the other to the former's advantage, unless expressly so stipulated, but should rather construe the demand for arbitration as an election of that method which will be directy promoted by such a course.   That the purpose of arbitration contemplated was the ascertainment of the amount of the damages, with the view of payment, appears from the fact that it might be demanded by either party, while the option of rebuilding was reserved to the company alone."

In the case quoted from, the policy provided that

the award should be conclusive as to the amount of the loss, but should not determine the liability of the company, the company reserving the option to repair, rebuild or replace property destroyed or damaged. See, also, *McAllaster v. Niagara Fire Ins. Co.*, 156 N. Y. 80–85, 50 N. E. 502.

*Platt v. Ætna Ins. Co.*, 153 Ill. 113, 38 N. E. 580, 26 L. R. A. 353, 46 Am. St. Rep. 877, is an authority for the contrary view.   In the New York case cited no reasoning is employed, and the matter is dismissed with the statement that the parties having contracted that the arbitration should not affect the right to rebuild, their agreement is conclusive.   It will be noticed that in the stipulation to submit to arbitration it is said : ''The consideration of this agreement being the avoidance of future misunderstandings and litigation as to the amount of said loss and damage.'' If the award was of no binding force, then the purpose for which it was made, as indicated above, was misstated.   If the insurance company could disregard it, no misunderstanding or litigation was avoided.   The law does not look with favor on stipulations made in relation to business matters which bind the parties to engage in futile controversies, or perform foolish acts which accomplish nothing but to make expense and consume time.

The judgment of the court below will be affirmed.

GREENE, POLLOCK, JJ., concurring.