## JOHN A. BEYER v. MINNESOTA FARMERS MUTUAL INSURANCE COMPANY OF MINNEAPOLIS.[1]

February 20, 1914.

Nos. 18,439—(256).

**Insurance — arbitration of loss.**

By proceeding to rebuild damaged building, defendant waived the clause in the policy providing for arbitration of the amount of loss. In action for damages for failure to replace the building in as good condition as before the loss, the clause in respect to arbitration has no application. Judgment in favor of plaintiff sustained. [Reporter.]

Action in the district court for Swift county to recover $400 for defendant's failure to rebuild plaintiff's barn in as good condition as the one destroyed, and $200 for defendant's failure to pay the loss on account of injury to its contents. The answer, among other matters, alleged that defendant rebuilt the barn and turned it over to the plaintiff in as good condition as it was prior to destruction by a cyclone, and the barn so repaired and rebuilt was accepted by plaintiff as a full compliance with its contract of insurance. The case was tried before Qvale, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict of $235 in favor of plaintiff. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*James A. Peterson,* for appellant.

*Thomas J. McElligott,* for respondent.

PER CURIAM.

Plaintiff's barn was damaged by a cyclone, while he carried insurance against loss from such cause in the defendant company. The policy contained a provision that, in case of disagreement as to the amount of the loss, there should be arbitration by duly-appointed referees. Part thereof is as follows: "The written award of the majority of such referees shall be final and conclusive upon the parties as to amount of loss and such reference, unless waived by the parties,

[1] Reported in 145 N. W. 376.

Note.—On the question of waiver of condition as to insurance arbitration, see note in 15 L.R.A.(N.S.) 1072.

shall be a condition precedent to any right of action to recover for such loss." It also contained the option that defendant "may replace or rebuild property in lieu of a cash payment by using as good material and placing buildings in as good condition as those destroyed or damaged." The parties could not agree as to the amount of the loss. It is asserted plaintiff refused to arbitrate. But notwithstanding such refusal defendant undertook to rebuild the barn. This action was brought to recover damages for failure to replace the barn either as to material or workmanship in as good condition as before the cyclone. Plaintiff recovered. Defendant appeals.

The contention that the action will not lie because there was no arbitration of the loss cannot be sustained. Defendant was under no compulsion to rebuild, but, by proceeding so to do, it clearly waived the provision as to arbitration of the loss. It may well be that the insurer was not put to an election before the amount of the loss had been ascertained as provided in the policy. But it not only elected to rebuild, it actually did so. Arbitration now could serve no useful purpose. It is impossible to spell out of the insurance contract any agreement to arbitrate damages arising from failure of the insurer to replace or rebuild in as good condition as before the damage. The policy provides for but one arbitration, not two; and that was not as to the damage resulting from defendant's failure to replace the barn properly, but as to the amount of damage the cyclone did thereto. Whenever courts have spoken upon the subject under consideration, it has uniformly been against appellant's contention. Morrell v. Irving Fire Ins. Co. 33 N. Y. 429; Heilmann v. Westchester Fire Ins. Co. 75 N. Y. 7; Wynkoop v. Niagara Fire Ins. Co. 91 N. Y. 478; Cobb v. New England Mut. M. Ins. Co. 6 Gray, 192; Zalesky v. Iowa State Ins. Co. 102 Iowa, 512; Elliott v. Merchants & B. Fire Ins. Co. 109 Iowa, 39.

Judgment affirmed.