No. 24,019.

A. E. Wellington, a Sole Trader, doing business as The Wellington Coal Company, *Appellee*, v. The Mid-West Insurance Company, *Appellant*.

SYLLABUS BY THE COURT.

1. Insurance—*Nature of Action—Prayer for Relief*. The nature of an action is determined by the allegations of the petition rather than by the prayer for relief.

2. Same—*Excessive Attorney's Fee*. An allowance for attorney's fees in excess of the amount prayed for is erroneous as to such excess.

Appeal from Cherokee district court; Frank W. Boss, judge. Opinion filed February 10, 1923. Modified and affirmed.

*Al F. Williams, Don H. Elleman*, both of Columbus, and *Guy M. Cowgill*, of Kansas City, Mo., for the appellant.

*C. B. Skidmore*, and *A. A. Skidmore*, both of Columbus, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is a suit to recover on an insurance policy for loss sustained by fire. The case was tried to a jury; judgment for plaintiff, and defendant appeals. On September 7, 1919, the defendant issued its policy of insurance upon a two and one-half ton truck belonging to plaintiff, for an amount not exceeding $2,400, for a term of one year. About August 5, 1920, the truck was damaged by fire. The policy of insurance contained a number of provisions, among others the following:

"16. *Arbitration*. In the event of a disagreement as to the amount of loss or damage, the same must be determined by competent and disinterested appraisers before recovery can be had hereunder. The member and the association shall each select one and the two so chosen shall then select a competent and disinterested umpire. Thereafter the appraisers together shall estimate and appraise the loss or damage, stating separately sound value and damage, and failing to agree, shall submit their difference to the umpire, and the award in writing of any two shall determine the amount of such loss or damage. The parties thereto shall pay the appraisers respectively selected by them and shall bear equally the expense of appraisal and umpire."

About December 1, 1920, the parties being unable to agree upon the amount of the loss, an appraisal was had under the terms of the policy above quoted. Each of the parties selected one appraiser and the two appraisers selected an umpire. The two appraisers

were unable to agree upon the amount of damage and one of the appraisers and the umpire found that the truck before the fire was of the value of $2,400; that the damage done by fire and the loss sustained was $2,325, and that the value of the car after the fire was $75. The other appraiser made a separate report in which he found the sound value of the car before the fire to be $2,400; that its value immediately after the fire was $400, and that the damage sustained was $2,000. The sum found due by the appraisers not being paid in sixty days, this suit was filed. The plaintiff set up in his petition the issuance of the policy; the payment of the premium; the damage by fire in which he claimed a total loss of $2,400; proof of loss; inability of the parties to agree upon the amount of the loss; the appraisal under the terms of the policy; and prayed judgment for the amount of the appraisal, $2,325, with interest, and for costs, including $500 attorney fees. A copy of the policy was attached to the petition. The answer admitted the issuance of the policy; denied that there was an appraisal in accordance with its terms; but alleged that the appraisal was unfair because one of the appraisers was not competent by reason of his interest, and that the appraisal was fraudulent and void, and also alleged that the policy contained provisions permitting the defendant to repair under certain circumstances, and that it had offered to make repairs, which offer had been refused, and denied liability. The reply put in issue the matters alleged in the answer, and further alleged that if for any reason the appraisal should be set aside, that plaintiff should recover upon the terms of the policy of insurance. The court held the suit to be one under the policy and not upon the appraisal, placed the burden of proof upon the plaintiff to show that the appraisal was fair and by disinterested appraisers, admitted the fact of the appraisal and the report of the appraisers in evidence only as tending to show the compliance by the plaintiff with the condition precedent to a suit upon the policy, and required the plaintiff to prove his loss without regard to the amount found due by the appraisers, and at the close of plaintiff's testimony, plaintiff elected to rely upon the policy and not upon the appraisal. The jury found the plaintiff's damage to be $2,100. The court approved the verdict and rendered judgment thereon, and also made an allowance to plaintiff for his attorney's fees of $600.

Appellant complains, first, that the suit was upon the amount found due by the appraisers, and was not upon the policy, and that

the court admitted evidence and instructed the jury as though the suit were upon the policy, and that this was a fatal variance. This is the principal ground of appellant's contention, and it is presented very earnestly and from many angles. We see no merit in this contention. The allegations of the petition, a synopsis of which is above set out, included all of the essential allegations of a suit upon the policy. It is true that the prayer of the petition asked for judgment upon the appraisal and for the amount of the appraisal. The prayer of the petition does not control the nature of the action. In *Eagon v. Murray,* 102 Kan. 193, 170 Pac. 389, it was said:

"The prayer of a petition is merely the pleader's idea of the relief to which he is entitled; it is not a part of the statement of the cause of action; and if the cause of action is sufficiently stated and sufficiently proved, the court will adjudge and decree the proper legal redress, which may or may not conform in whole or in part to the relief prayed for by the pleader." (Syl. ¶ 2.)

In this case the prayer, under the allegations of the petition, might very well have been for the full amount of the policy. Appellant in its brief points out the distinction between an appraisal and an arbitration, and insists that the plaintiff, in his petition, wrongfully treated the appraisal as an arbitration. It will be noted that the policy of insurance gives the title "arbitration" to the paragraph dealing with appraisal. While the matter is spoken of in plaintiff's petition as an "arbitration or appraisal," the terms are no more confusing than they are in defendant's policy. The court correctly treated the matter as an appraisal and as a condition precedent to a suit upon the policy, and permitted the evidence pertaining to the appraisal for the purpose only of proving whether or not that condition had been complied with by the plaintiff so that he would be entitled to sue. This is as favorable a view of the matter for the defendant as could be taken, and we regard it as the correct view.

The policy also contained the following clause:

"6. *Liability of Association.* In the event of loss or damage under this certificate, the association shall be liable only for the actual cost of repairing, or if necessary, replacing the parts damaged or destroyed. It shall be optional with the association to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time, on giving notice within thirty days after the receipt of the sworn statement of loss herein required, of its intention so to do, but there can be no abandonment to the association of the property described."

Defendant contends that it offered to repair the truck but that plaintiff refused its offer. The plaintiff was asked on cross-examina-

tion, "Do you remember an occasion shortly after the fire when Mr. Quinn offered to take your truck and repair it and place it in as good condition and satisfactory to you?" The question was objected to and the objection sustained. This was the only effort made on the part of defendant to show that it had attempted to comply with the clause in the policy above quoted. It is not necessary for us to consider whether the defendant waived its right to repair by requiring an appraisal, though under the authority of *Insurance Co. v. Arnold,* 65 Kan. 163, 69 Pac. 174, and *Leeman v. Insurance Ass'n,* 68 Kan. 812, 74 Pac. 1132, it would seem that it did so. There was no competent evidence tending to show that defendant gave the notice, or in any way endeavored to avail itself of this clause of the policy, and the court correctly instructed the jury on that question.

Appellant contends that in plaintiff's petition he asked for $500 to be taxed as costs, for attorney's fees, and that the court on motion fixed the attorney's fees at $600, and appellant makes the point that plaintiff could not recover more than prayed for. We think this point good, and the judgment should be modified by reducing the attorney's fees from $600 to $500. As thus modified, the judgment of the court below will be affirmed.