No. 20,350.

SETH ELY, *Appellee*, v. THE WICHITA NATURAL GAS COMPANY, *Appellant*.

No. 20,351.

BELL BROTHERS & McDONALD, *Appellee*, v. THE WICHITA NATURAL GAS COMPANY, *Appellant*.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. CONTRACT—*Purchase of Gas—Gas Not "Merchantable"—Refusal to Accept.* The rights of one who had contracted to purchase certain gas, but refused to accept that which was tendered on the ground that it did not conform to the requirements, held not to be affected by his refusal to sign a writing authorizing the seller to dispose of it elsewhere.

2. SAME—*Federal Constitution Not Violated.* A decision that gas tendered under a contract was not merchantable within the meaning of that term as there employed held not to involve a violation of the 14th amendment to the federal constitution.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion on rehearing filed May 12, 1917. Former judgment of reversal adhered to. (For original opinion see 99 Kan. 236, 161 Pac. 649.)

*A. C. Malloy*, of Hutchinson, and *John H. Brennan*, of Bartlesville, Okla., for the appellant; *John J. Jones*, of Chanute, of counsel.

*H. P. Farrelly*, and *T. R. Evans*, both of Chanute, for the appellees.

The opinion of the court was delivered by

MASON, J.: On the original hearing of this case a reversal was ordered on the ground that under the facts found by the trial court the defendant was justified in refusing to accept and pay for the gas which was tendered it—that the detailed findings made the question whether the gas was merchantable, within the meaning of the contract, one of law, requiring an answer in the negative. (*Ely v. Gas Co.*, 99 Kan. 236, 161 Pac. 649.) After a rehearing, and a full consideration of the additional arguments and briefs, the court adheres to that conclusion, upon the grounds stated in the former opinion.

This decision renders the matter of procedure unimportant, but to make clearer what was said in the original opinion on that subject it may be added that the court did not mean to indicate that by reason of the form in which it was brought the action was not maintainable, but merely that if the plaintiffs had been entitled to recover at all, the measure of their damages would have been the amount of actual loss they could prove, which would not necessarily be the full contract price of the gas.

1. A contention of the plaintiffs to which we have made no previous reference, although it was urged at the first as well as at the second hearing, is that the defendant was not acting in good faith, and that this is shown by the fact that it refused to consent to the plaintiffs' selling the gas elsewhere. A short time before the trial the defendant's general manager refused a request, made in behalf of the plaintiffs, that he sign a writing in these words:

"The Wichita Natural Gas Co. hereby consents and agrees that Seth Ely and Bell Bros. and McDonald may sell of this natural gas product in Chautauqua county, Kansas, any amount that they may have an opportunity to sell, and they are hereby released from the existing contracts by and between said parties, to the extent of such sales so made to other parties. Sales thus made to other parties shall be credited on the minimum provided in said existing contracts, but in no other way shall said existing contracts be modified hereby."

The explanation given of this refusal is that the manager feared that the writing might be construed as a recognition of the defendant's liability under the contract. Whether the provision that sales made to other parties should be credited on

the minimum stated in the contracts was open to such construction need not be determined. There was some room for a more or less plausible argument to that effect, and the unwillingness of the officer to commit his company by signing a document, the legal force of which was debatable, can not be considered as a denial of the plaintiffs' right to sell the gas to some one else. A letter from the defendant to one of the plaintiffs, dated April 14, 1914, was introduced in evidence, which concluded with the words: "I have . . . advised you that as far as we were concerned, . . . you were at liberty to sell any part of this gas that you could sell elsewhere, as its quality prevented us from taking it in any large quantity." The person addressed testified that while the first part of the letter looked familiar he did not remember the part just quoted. However that may be, the defendant had taken such a position in its pleading that it could not be heard to object to the plaintiffs' selling their gas to other persons. In its answers it alleged that the gas was unmerchantable and that it could not use it, and added that the provision of the contract forbidding the plaintiffs to sell gas to other persons was contrary to public policy and void.

2. The plaintiffs also contend that the decision results in a violation of the provisions of the 14th amendment to the federal constitution, relating to due process of law and the equal protection of the laws, inasmuch as it deprives them of their property rights in the gas in controversy, without the police power of the state being involved. The contention is timely made, so as to preserve any rights the plaintiffs may have in that regard, but we regard it as not well founded.

The former judgment of reversal is adhered to.