No. 29,071.

Vida M. Estey, *Appellant,* v. The Southwestern Gas Company, The Manufacturers Fuel Supply Company, The Union Gas Corporation, and The Shawnee Oil Company, *Appellees.*

(283 Pac. 628.)

Opinion filed January 11, 1930.

*Chester Stevens,* of Independence, for the appellant.

*Donald W. Stewart, W. N. Banks, O. L. O'Brien* and *Walter L. McVey,* all of Independence, for the appellees.

The opinion of the court was delivered by

Johnston, C. J.:  This was an action to recover damages for the breach of a contract entered into by the plaintiff with the Southwestern Gas Company and the Manufacturers Fuel Supply Company. After issues had been joined and the trial was begun, counsel for plaintiff made his opening statement and upon that and averments of the petition the court held that the plaintiff had not set forth a cause of action and sustained the motion of defendants for judgment in their favor on the first count of the petition. From that ruling plaintiff appeals.

The plaintiff owned a gas lease on eighty acres of land. Gas had been found thereon, and the drilling of other wells was contemplated. The fuel company had a pipe line in the vicinity of the lease but had no market for gas. The gas company had a market for gas but had no pipe line near there. The defendant entered into a written contract with the plaintiff for the transportation of the gas produced on the lease and for the purchase of gas obtained from plaintiff's lease. The written contract was between the fuel company and the plaintiff, but it was alleged that it was also made by and for the use and benefit of the gas company. It provided that defendants should take as a minimum ten per cent of the total open flowing capacity of the well, which was to be determined by the average minimum amount of gas taken for a thirty-day period. It is alleged that connections were made with the gas well March 3, 1925, and gas was taken from that time until May 10, 1925, during which time defendants took from the well a quantity of 7,645,000 cubic feet, when the minimum which they had contracted to take should have been 68,000,000 cubic feet, and that plaintiff was thus deprived of the revenue of seven cents per 1,000 cubic feet on the difference between the two amounts, to wit, 60,355,000 cubic feet, and that the loss or damage according to the stated measure was $4,264.87. It is alleged and included in plaintiff's statement to the jury that there was no other pipe line in the vicinity of the lease and no other market for the gas and by reason of defendants' default plaintiff has suffered damage.

It was stipulated in the contract that the gas to be delivered and purchased should be dry and merchantable gas free from water and oil. Other provisions were contained in the contract as to meters to be provided; the plan of measuring the gas sold, the times of payment and that certain failure of compliance with its terms would be grounds for cancellation. While defendants alleged that the gas from the lease was wet and unmerchantable, there is no controversy between the parties as to the execution of the contract, nor do defendants deny that they had breached it, but they insist that the contract was an executory one, that the title to gas for which plaintiff sought recovery was not in the plaintiff as it had not been segregated from the mass of gas in the well nor produced and in a condition for delivery. That there must be measurement and delivery before passage of title to the gas, and that the passage of title is essential to the maintenance of an action to recover the pur-

chase price of it. Insisting that the plaintiff's action is one for the purchase price; and that it is contended that the remedy sought is not available to plaintiff, we think the defendants take too narrow a view of the petition and opening statement of the plaintiff. In her petition she sets forth in great detail the making of the contract, and the circumstances under which it was made. These were substantially repeated in the opening statement of counsel. She then alleged that there was a breach of the contract by defendants and states the plight in which she was left by the breach. She asked for the damages sustained by their refusal to carry out the contract. It is true plaintiff, in stating a measure of damages, asked for seven cents per thousand cubic feet of the gas not taken by defendants under the contract, and based on this statement the defendants are contending that the action must be interpreted as a suit for the purchase price rather than one for the damages sustained by the breach. It should be stated that the plaintiff in her prayer for relief asked for damages according to the measure stated, and also for such other and further relief as may be just and equitable in the premises.

Granting that the real measure of damages for the breach of the contract was not that asked by plaintiff, the nature of the action is not necessarily to be determined by the prayer of the petition. It has been decided that—

"The demand of the plaintiff in his petition does not necessarily limit the court in the judgment which it may render. It is the case made by the pleadings and the facts proved and not the prayer of the pleader which measure the relief that the court may award." (*Hardy v. La Dow,* 72 Kan. 174, syl. ¶ 1, 83 Pac. 401.)

In another case it was said:

"So long as a petition states a good cause of action the prayer for relief is not very important. The prayer merely voices the plaintiff's idea of what relief he is legally entitled to, or what redress will satisfy him. The court will grant him the relief to which his cause of action alleged and proved shows him to be entitled, and this relief may or may not conform in whole or in part to that prayed for by the plaintiff." (*Eagan v. Murray,* 102 Kan. 193, 170 Pac. 389.)

In the later case of *Wellington v. Insurance Co.,* 112 Kan. 687, 212 Pac. 892, it was held that:

"The nature of an action is determined by the allegations of the petition rather than by the prayer for relief."

The petition was certainly good as against a demurrer or motion for judgment. It set forth the making of a contract, one which it is

conceded the parties had a right to make. It set forth breach of that contract conceded to be a proper allegation of a breach and one that must be taken as true on defendants' motion. It contains an allegation as to the extent of the damages sustained by the unquestioned breach, but because of the measure of the damages stated in the demand for judgment defendants contend that it is a suit for the purchase price of gas sold and that there can be no recovery since the contract was executory in nature and plaintiff had not yet acquired such a title as would warrant her in making a sale. The fact that the contract was executory would not bar a recovery of damage sustained by the breach of it. The extent or measure of the damages is not now a matter of concern, for these are questions for determination upon the proof produced at a trial of the issues joined. Defendants cite *Ely v. Gas Co.*, 99 Kan. 236, 161 Pac. 649, as supporting their theory. In that case there was a similar contract which was held to be executory in character, the title passing only as delivery was made. There the case did not turn on a demurrer to a petition or a motion for judgment on pleadings and opening statement, but it was tried out, and upon the proof it was held that the gas contracted for was not merchantable in quality as stipulated in the contract. On a motion for a rehearing, the court, speaking of the ruling made in the original opinion, remarked:

"This decision renders the matter of procedure unimportant, but to make clearer what was said in the original opinion on that subject it may be added that the court did not mean to indicate that by reason of the form in which it was brought the action was not maintainable, but merely that if the plaintiffs had been entitled to recover at all, the measure of their damages would have been the amount of actual loss they could prove, which would not necessarily be the full contract price of the gas." (*Ely v. Gas Co.*, 100 Kan. 441, 442, 165 Pac. 284.)

We conclude that a cause of action was stated in the petition and opening statement of counsel, and therefore the judgment will be reversed and the cause remanded for further proceedings.

JOCHEMS, J., not participating.