## LOUISE A. WHITCOMB v. HELVERING, COMMIS-SIONER OF INTERNAL REVENUE.*

No. 145. Submitted December 8, 1933.—Decided January 8, 1934.

*Messrs. Claude R. Branch, Felix T. Smith, W. W. Spalding,* and *Robert A. Littleton* were on the brief for petitioner.

*Solicitor General Biggs* and *Messrs. Erwin N. Griswold, Sewall Key,* and *John MacC. Hudson* were on the brief for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This case was brought here by writ of certiorari.[1] The petitioner is a beneficiary of the trust created by the will of A. C. Whitcomb, and her status[2] differs from that of

---

* Pursuant to stipulation, the decisions in the following cases are reversed on the authority of this case: No. 146, *Lydia L. Whitcomb* v. *Helvering;* No. 147, *Louise A. F. E. Whitcomb* v. *Helvering;* Nos. 148 and 149, *Lydia L. I. Whitcomb* v. *Helvering;* and No. 150, *Louise. A. F. E. Whitcomb* v. *Helvering,* all on writs of certiorari to the Court of Appeals of the District of Columbia.

[1] See 22 B.T.A. 118; 65 F. (2d) 803, 809.

[2] Companion cases in the Board of Tax Appeals and the Court of Appeals of the District of Columbia, which involve the tax liability

the petitioner in No. 129 (*ante*, p. 35) only in the respect that she has a vested remainder, subject, in certain events, to be divested in favor of Harvard College. The Court of Appeals did not make that circumstance the basis of any distinction between her case and that of Freuler (No. 129). The petitioner therefore makes the same contentions which are there considered; but claims also, if her interest in the trust corpus by way of remainder is given effect, it does not follow that an affirmance in No. 129 requires the like result in her case. As we reverse the judgment in No. 129 and the reasons given in our opinion apply in this case, we have no occasion to pass upon the added feature presented by the remainder interest of the petitioner.

For the reasons set forth in the opinion in No. 129 the judgment must be reversed.

*Reversed.*

MR. JUSTICE BRANDEIS, MR. JUSTICE STONE, and MR. JUSTICE CARDOZO, dissent.

of other beneficiaries of the same trust, under like circumstances, were brought up by certiorari. They are Nos. 146 to 150, inclusive. By stipulation filed in this court, the parties agree that if the judgment in No. 145 is reversed a like judgment shall be entered in the other cases; and if that judgment is affirmed a like judgment shall be entered in the others.