THOMPSON, Trustee, v. STATE.

No. 31970. Dec. 4, 1945.

*164 P. 2d 232.*

Thomas B. Pryor, Thomas Harper, and Harrell Harper, all of Fort Smith, Ark., for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Mainard Kennerly, Asst. Atty. Gen., for defendant in error.

Floyd Green, of Oklahoma City, James G. Welch, General Counsel, of Hugo, and Charles F. White, Asst. General Counsel, of Sulphur, for Corporation Commission of Oklahoma.

RILEY, J. This is an appeal from an order of the Corporation Commission authorizing the location and construction of a railroad-highway grade crossing at the intersection of U. S. Highway No. 64 and the Missouri Pacific Railroad tracks at a point approximately 3,100 feet east of the main street of the town of Gore, in Sequoyah county.

The State Highway Commission commenced the proceeding before the Corporation Commission for authority to locate and construct the crossing. The Missouri Pacific Railroad Company is a bankrupt undergoing reorganization within control of the U. S. District

Court of the Eastern District of Missouri. Guy A. Thompson is the Trustee in Bankruptcy.

The petition alleges the proposed grade crossing is a necessity, as a part of the relocation of a portion of U. S. Highway No. 64 covered by the overflow of the Arkansas river resulting from floods in the spring of 1943. The floods washed away the north highway approach to the bridge across the river between the towns of Webber Falls and Gore. Likewise the flood destroyed a part of the highway between the bridge and the railroad crossing on the main street in the town of Gore. It was necssary to reconstruct the bridge by extending it about 1,300 feet in a northerly direction; to construct the highway between the bridge and the present crossing in the town of Gore would produce an excessive curvature on the highway so as to make it dangerous and impractical. To avoid such condition the State Highway Commission has relocated a portion of the highway so as to extend it in a northerly direction from the bridge directly across the railroad tracks running east from the town of Gore and at a point about 3,100 feet east of the present crossing; thereby the distance for travel on the highway will be reduced about .86 mile. The Federal Government, through the Public Roads Administration, refuses to contribute any portion of the cost of said improvements unless the highway is relocated and the proposed grade crossing is established. It is the intention of the State Highway Commission, as a part of its postwar program when materials are available, to separate the grade at the crossing by constructing an overpass at the point.

Guy A. Thompson, Trustee, appeared and protested the proposed location of the crossing as being unnecessary and dangerous. He also objected to the jurisdiction of the Corporation Commission on the ground that the State Highway Commission had not obtained the consent of the U. S. District Court of the Eastern District of Missouri to commence these proceedings.

The hearing resulted in a finding that public convenience and necessity require that the application be granted; that the crossing as proposed will be less hazardous to the traveling public than the present crossing; that it will shorten the distance of the highway .86 mile and result in a substantial saving of time and money to the public. It was further ordered that Guy A. Thompson, Trustee, construct the grade crossing at the point designated within 60 days after the acquisition of the necessary right of way across the railroad tracks. The Trustee appeals.

Two propositions are presented: (1) The Corporation Commission did not have jurisdiction to entertain the proceedings because the Missouri Pacific Railroad Company is in bankruptcy; the exclusive jurisdiction over its property is vested in the U. S. District Court and the State Highway Commission did not obtain the consent of that court to commence and maintain these proceedings; (2) that the findings and order are not supported by the evidence.

The U. S. District Court of the Eastern District of Missouri, in which the bankruptcy proceedings are pending, has exclusive jurisdiction over the Railroad Company and its property (Federal Bankruptcy Act, as amended, 11 U.S.C.A. § 205) and the powers that a Federal court would have if it had appointed a receiver in equity.

The Corporation Commission has exclusive jurisdiction to determine the necessity for and particular location of highway crossings for steam and electric railways, the protection required, and to alter or abolish such crossings and to require, when practical, separation of grade at any such crossing. 17 O. S. 1941 § 84.

Section 66 of the Federal Judiciary Code, 28 U.S.C.A. § 125, provides:

"Every receiver or manager of any property, appointed by any court of the United States, may be sued in respect to any act or transaction of his in carrying on the business connected

with such property, *without the previous leave of the court* in which such receiver or manager was appointed; *but such suit shall be subject to the general equity jurisdiction of the court* in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

Under what we conceive to be applicable federal statute, leave of the court appointing the receiver need not be obtained before bringing a suit in respect to any act or transaction of the receiver in carrying on the business connected with such property where the prosecution of such suit does not involve for its purpose and will not result in interference with the possession of the property over which jurisdiction of the court has been acquired. If such suit has for its purpose or may result in depriving the receiver of the possession of any of the property or materially injuring or depreciating its value or use, such suit, being subject to the general equity jurisdiction of the court appointing the receiver, cannot be commenced without first obtaining the consent of such court. Ex parte Tyler, 37 L. Ed. 689; Freeman v. Howe, 16 L. Ed. 749; Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 78 L. Ed. 645; C., R. I. & P. Ry. Co. v. City of Owatonna, 120 Fed. 2d 226; Ex parte Baldwin, 291 U. S. 610, 78 L. Ed. 1020.

This proceeding, properly considered, in no way interferes with the Trustee in his possession or operation of the property and therefore does not come within the class of proceedings requiring consent of the court in which the Trustee was appointed. This proceeding, as limited, does not have for its purpose and cannot result in depriving the Trustee of possession of any part of the railroad property nor does it interfere with the possession or use thereof by the Trustee. The proper purpose of this proceeding is to determine whether public convenience and necessity require the establishment of a grade crossing and, if so, to designate the site or location for such crossing. The Corporation Commission may determine the necessity for the crossing and its location; but before any part of the property of the Railroad Company in the possession of the Trustee may be taken for such public purpose, the property or right of way must first be acquired by the State Highway Commission by amicable settlement or condemnation proceedings in a proper action in the manner authorized by law. The statute does not undertake to confer the power to acquire the property by condemnation proceedings upon the Corporation Commission. St. L. & S. F. Ry. Co. v. Corporation Commission, 95 Okla. 140, 218 P. 281; M., K. & T. Ry. Co. v. State et al., 107 Okla. 23, 229 P. 172. The Corporation Commission in this proceeding so held. The State Highway Commission is without power to condemn a right of way across railroad property until the Corporation Commission first declares the necessity for such crossing and designates the point for the proposed crossing. Neither can the Highway Commission first acquire use of the railroad right of way for the reason that it is without power to select or designate the site.

When the time comes to acquire the right of way, if it can be amicably acquired, there will be no occasion for litigation. But if condemnation proceedings be necessary to acquire the right of way, before such proceedings may be commenced, consent of the court in which the Trustee was appointed must be obtained. Western U. Teleg. Co. v. Atlantic & P. Teleg. Co., 7 Biss. 367, cited with approval in Ex parte Tyler, supra; C., R. I. & P. Ry. Co. v. City of Owatonna, supra. The Corporation Commission had power and jurisdiction to determine whether public convenience and necessity required the establishment of the grade crossing and to designate the location thereof. This it has done.

Plaintiff in error further and rightfully contends that the Corporation Commission was without authority to direct the Trustee to construct the rail-highway grade crossing at the

point designated, "within sixty days from and after the acquisition of the necessary right of way by the State Highway Commission, across the Railway Company's tracks." Title 17, O. S. 1941 § 82 provides:

"The expense of construction and maintenance of public highway crossings shall be borne by the railroad or railway company involved."

Where the railroad is not in bankruptcy, the Corporation Commission has full power and authority to direct the railway company involved to construct and maintain highway-railway grade crossings. M., K. & T. Ry. Co. v. State, 82 Okla. 221, 200 P. 208. But it does not follow that the Corporation Commission has power to direct a trustee in bankruptcy, having possession of such property, to expend the money in custodia legis in the construction of such crossing without the consent of the court in which the trustee was appointed. Requiring the trustee to construct the crossing and pay for same out of funds in the custody of the court, over his objection and without the consent of the court appointing the trustee, would be much like enforcing a protested tax against the property in the hands of the trustee without the consent of such court. That cannot be done. Ex parte Tyler, supra, and cases therein cited.

To the extent of directing the Trustee to construct the crossing without consent of the court, the order is excessive. If right of way is obtained in the manner provided by law, application may be made to the federal court for direction ;or consent regarding construction of crossing. That would seem to be the orderly and proper manner to obtain a valid order affecting money or property in possession of the Trustee.

The second proposition requires little discussion. Original determination of the question of fact whether public convenience and necessity exist for a grade crossing as proposed is for the Corporation Commission; its findings of fact are prima facie just, reasonable, and correct. M., K. & T. Ry. Co. v. State et al., 82 Okla. 221, 200 P. 208; U. S. Express Co. v. State et al., 47 Okla. 656, 150 P. 178. There is conflict in the evidence, but the evidence amply supports the findings of the Corporation Commission on these questions of fact.

That part of the findings, report, and order of the Corporation Commission finding the necessity for and location of the crossing is affirmed. That part of the order which requires the Trustee to construct the crossing is reversed without prejudice to the right to apply therefor at the proper time.

HURST, V. C. J., and BAYLESS, CORN, and DAVISON, JJ., concur. GIBSON, C. J., and WELCH, J., dissent.