No. 36,998

MAGGIE L. FURNEY, *Appellee,* v. GUY A. THOMPSON, Trustee of the Missouri Pacific Railroad, a bankrupt, *Appellant.*

(188 P. 2d 955)

Opinion filed January 24, 1948.

*Ralph M. Hope,* of Wichita, argued the cause, and *W. F. Lilleston,* of Wichita, was with him on the briefs for the appellant.

*Harry K. Allen,* of Topeka, argued the cause, and *Marlin Brown, Constance L. Brown, W. E. Hembrow,* all of Council Grove, and *L. M. Ascough,* of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action in which plaintiff sought to compel the defendant to reconvey an interest in real estate. Defendant's demurrer to plaintiff's petition was overruled and he appeals.

In her petition plaintiff alleges that the defendant corporation is a common-carrier railroad operating trains through Morris county, Kansas, and that it is in the hands of Guy A. Thompson, trustee in bankruptcy proceedings; that plaintiff is the owner of a tract of seventy-two acres in the southwest quarter of section 33, township 16, range 9, in Morris county, Kansas; that plaintiff is seventy-nine years of age and by reason of her age is incapable of properly attending to her business, and that in 1945 defendant, through its agents and employees, called upon her and urged her to convey to defendant an easement about fifteen feet wide running diagonally through her land and that she refused; that later defendant, through his agents and employees, told plaintiff that if she did not convey the easement that defendant would condemn and obtain the easement and she would not get the $75 which they had offered therefor and that she had better take that sum and grant the easement or they would cause her a lot of trouble and take her land anyway;

that they told her everyone else in the community had conveyed easements at the same proportionate rate, and that no damage would be done to the productive quality or drainage of the soil as a result of the easement and that it would not interfere with the cultivation of crops or inconvenience her, and that she had better sign the easement or they would cause her a lot of trouble; that defendant well knew of her age and inability to properly attend to her business and by making the representations noted above, procured from plaintiff her signature to a form presented by defendant's agents; that the representations made were false and made for the sole purpose of procuring plaintiff's signature, and that the amount paid was grossly inadequate; that defendant's agents refused to give her a copy of the easement form, and for that reason she could not state more accurately the terms thereof; that defendant has permanently injured approximately one acre of land being about a fifteen foot strip across her seventy-two-acre farm by removing subsoil under the right of way and placing it on top of the right of way, thereby causing the right of way to become unproductive for many years; that the right of way is settling because of the ditch defendant dug and high and low places left by the defendant, and the unproductiveness and drainage of the easement has permanently damaged the value of plaintiff's entire land; that defendant has driven huge vehicles and heavy equipment over the right of way and is still doing so and that such use and misuse is damaging the productivity and drainage of her premises, and "that due to the nature of the damage she has sustained and will sustain in the future, it is impossible to estimate the extent and value thereof and that she has no adequate remedy at law." It is further alleged that plaintiff tenders into court the sum of $75 for the purpose of cancellation of the easement and restoration of all former conditions of the premises. We note also the prayer of plaintiff's petition is she have judgment that defendant be required to reconvey and ordered to restore the right of way and adjacent property to their former status and productivity, for such other relief as may be just and equitable, and for costs.

Defendant demurred to the above petition on the grounds that the court had no jurisdiction of the person of the defendant or the subject of the action and that the petition did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and within time the defendant perfected his appeal to this court.

The first matter for consideration is the appellee's contention that after the appellant's demurrer had been overruled, he filed an answer and, by so doing, waived his right to appeal. That answer is set forth in a counter abstract. Without going into any detail it may be said the defendant pleads his appointment as a trustee in bankruptcy by the United States district court of Missouri, which has exclusive jurisidiction over the subject matter of the action and of all matters affecting the possession and title of the railroad property, including the easement in question on which the corporation had installed a water pipe line to supply itself with water needed for locomotives, trains and equipment used in state and interstate commerce, and that the district court of Morris county, Kansas, had no jurisdiction of the subject matter of the action, or of the defendant, or to hear, try or decide any question affecting the title or possession of the trustee or of any issue in the case, and that the United States district court has not granted leave or permission in any form to the plaintiff to maintain the instant action.

Appellee directs our attention to the provisions of G. S. 1935, 60-705, *first* and *fifth,* as to when a defendant may demur to a petition, and to G. S. 1935, 60-707, as to objections to a petition which may be raised by answer and if not raised shall be deemed to have been waived, and presents a somewhat involved argument that the demurrer having been overruled, defendant by answer waived his right to have the ruling on the demurrer reviewed, and that the question of jurisdiction of the subject matter and sufficiency of the petition must be raised at the trial. We need not follow out the ramifications of the argument. It is clear that the same questions as to jurisdiction of the person of the defendant and of the subject of the action, as well as the sufficiency of the facts stated to constitute a cause of action, presented by the demurrer, were again presented by the answer.

In *Carothers v. Board of Education,* 153 Kan. 126, 109 P. 2d 63, it was held:

"When defendant's demurrer to plaintiff's petition is overruled and he files an answer which is not in conflict with his position taken on the demurrer, the fact that he has answered is not a waiver of his right to appeal from the order, overruling the demurrer." (Syl. ¶ 1.)

The rule there stated controls the matter and appellee's contention that the appeal may not be maintained is denied.

It is clear from the allegations of the petition that Missouri Pa-

cific Railroad Company is a common-carrier railroad operating in Morris county, Kansas, that it is in bankruptcy and that defendant Guy A. Thompson is its trustee. Although the petition does not disclose, we take judicial notice that the railroad is one engaged in interstate commerce (23 C. J. 89; 31 C. J. S. 564; 20 Am. Jur. 108), and that jurisdiction to adjudge it a bankrupt and to have a trustee appointed is in a United States district court under statutes of the United States (23 C. J. 128; 31 C. J. S. 525; 20 Am. Jur. 55; *Helm v. Railway Co.*, 109 Kan. 57, 196 Pac. 426), and the briefs of appellee made no contention to the contrary.

Although the briefs cover other matters we are of opinion the primary question, under the pleadings, is whether the jurisdiction over the subject of the action and the person of the defendant is exclusive in the United States district court which adjudged the railroad to be a bankrupt, and appointed the trustee, and if that be answered in the affirmative did the petition state a cause of action where there was no allegation that previous leave had been obtained from the United States district court to institute the present action in the state court.

The statutes of the United States provide that any railroad corporation may file a petition alleging it is unable to meet its debts as they mature and that it desires to effect a plan of reorganization, and if its petition to do so is approved the court in which the order is entered shall, during the pending of the proceedings, have exclusive jurisdiction of the debtor and its property wherever located (U. S. C. A. Title 11, § 205 [a]).

Although arising under an earlier act, the supreme court of the United States in *Isaacs v. Hobbs Tie & T. Co.* (1930), 282 U. S. 734, 75 L. Ed. 645, 51 S. Ct. 270, considered the question of exclusiveness of jurisdiction over the estate of one declared by it to be a bankrupt. There suit had been filed in the state court to foreclose a mortgage on real estate. The owner had been declared bankrupt and his trustee had caused the action to be removed to the federal court where foreclosure was decreed. The supreme court reversed, holding that the state court was without jurisdiction and the federal court on removal had no higher or different right than the state court, and that the trustee could not waive the lack of jurisdiction because he was powerless to surrender the exclusive jurisdiction of the court of bankruptcy. In that opinion may be found citation of authorities holding that the court entering an order of bankruptcy

obtains exclusive jurisdiction of the bankrupt's estate, and of his trustee. We need not pursue the matter further for appellee in her brief makes no contention that the general law pertaining to the exclusive jurisdiction of a court of bankruptcy is not as stated.

In support of the trial court's ruling, and to avoid the effect of the law as above stated, appellee directs our attention to U. S. C. A. Title 28, § 125 (Judicial Code § 66), which reads:

"Suits against receiver. Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

Although the nature of the action alleged in the petition will be discussed later, we first take up the type of actions which may be filed against trustees in bankruptcy without the previous leave of the bankruptcy court. In support of her contention that the above quoted statute allows her to maintain the present action, appellant relies almost wholly on *McGreavy v. Straw*, 90 N. H. 130, 5 A. 2d 270. The action was one to recover damages for death of plaintiff's son alleged to have occurred through negligence. At the time of the death, the company on whose premises the death occurred had been declared bankrupt by a United States district court and temporary receivers had been appointed. Three days after the death, trustees were appointed and the action instituted in the state court was against them. Without noticing the method, the trustees raised the question that the action could not be maintained against them without consent of the court appointing them, and their contention being denied, they appealed to the supreme court, and in her brief appellee quotes at considerable length from the opinion of the court disposing of the appeal. Summed up, it was there held that under the statute quoted suits against a "receiver or manager of any property appointed by any court of the United States" applies equally to suits in a state court against trustees in bankruptcy; that "any act or transaction" includes not only torts originating in the conduct of the trustee himself, but also in permitting continuance of a negligent condition previously existing, and that the statute requires that leave be obtained where the object of the suit is to establish title to property adverse to that of the receiver or trustee or where the suit is incompatible with his possession or the rights

of owners or creditors, and where the cause of action directly affects the administration of the receivership or trusteeship or the title, possession, control or liquidation of the same. The court cited many decisions in support of the conclusions stated, and without further review reference is made to that opinion and its citations of authority.

Appellee also directs our attention to *Thompson, Trustee, v. State,* 196 Okla. 190, 164 P. 2d 232, where it was held that the corporation commission had exclusive jurisdiction to determine the necessity for and the particular location of highway crossings for steam and electric railroads. Reference to the opinion will show, however, that the court held that the United States district court had exclusive jurisdiction over the bankrupt and its property and that under the quoted section of the federal judiciary act, the trustee may be sued in respect to any act or transaction of his in carrying on the business connected with such property, without leave of the court in which the trustee was appointed, if such suit does not have for its purpose and cannot result in depriving the trustee of the possession of any of the property or materially reducing its value.

Appellee also directs our attention to *Reinhart v. Sutton,* 58 Kan. 726, 51 Pac. 221, as being authority for her right to maintain the present action. There an action was brought against receivers of a railroad company to abate a ditch as a private nuisance and for damages caused by its maintenance. Recovery was had in the trial court. In this court it was contended the action could not be maintained. The court quoted the section of the federal judiciary act now relied on and other authority and held the action could be maintained. No contention was made that the action was to deprive the receivers of possession of property and that matter is not discussed.

In the annotations to the section of the statute quoted above, as the same appears in U. S. C. A., may be found other authorities dealing with the application of the statute and in general conformity with what has been said.

For our purposes it may be said the rule is that leave of the appointing court is required before a suit may be maintained in a state court where that suit involves title to or possession of the property in the hands of a trustee in bankruptcy, and we therefore examine the nature of the present action as the same is disclosed by the allegations of the petition.

In a preliminary way it may be said that the character of an action is to be determined by its substance and generally this must be determined by a reference to the allegations of the petition without regard to the relief demanded (*Estey v. Southwestern Gas Co.*, 129 Kan. 573, 283 Pac. 628; *Wellington v. Insurance Co.*, 112 Kan. 687, 212 Pac. 892); and that while the prayer forms no part of the petition, it may be considered in determining the character of the pleading. (*Eberhardt Lumber Co. v. LeCuyer*, 153 Kan. 386, 110 P. 2d 757; *Sluss v. Brown-Crummer Inv. Co.*, 137 Kan. 847, 22 P. 2d 965; *Rochester v. Express Co.*, 87 Kan. 164, 123 Pac. 729, 40 L. R. A., n. s., 1095.)

The allegations of the petition have been previously set forth. The high lights thereof are that defendant offered plaintiff $75 for an easement, which she refused, and defendant then told her he would have the same condemned and she would not get as much; that the amount offered was proportionate to that being paid other land-owners; that the easement would not interfere with her use of the land nor damage her; that she signed the easement; that the statements made to her were false; that defendant did injure the land by removing subsoil which was placed on top of the ground and by driving machinery across it; that the right of way settled by reason of a ditch dug by the defendant; that due to the nature of the damage plaintiff has sustained and will sustain in the future it is impossible to estimate the extent and value of her damage, and that she has no adequate remedy at law, and she deposits $75 with the court and tenders the same to the defendant for cancellation of the easement.

Appellant argues that the petition states only a cause of action for cancellation of the easement and for the restoration to plaintiff of the possession of the real estate and for the exclusion of the defendant therefrom. Appellee argues that her action sounds in tort, and is maintainable as such; that the acquisition of the easement was an act or transaction of the receiver in carrying on his business; that her action will not interfere with the operations of the railroad and under the decisions mentioned, she may maintain the action without having obtained leave to file it from the United States district court which appointed the trustee.

As we interpret the petition it does not state any cause of action for damages for fraud. On the contrary, the allegations make it clear that it is impossible for plaintiff to estimate her damages, and

that she has deposited the sum of $75 which she tenders to the defendant for the purpose of cancelling the easement. If there were any doubt as to that it is made clear by her prayer. The action cannot be said to be one for damages for alleged wrongs perpetrated upon plaintiff by defendant, it can only be said to be an action by plaintiff to cancel defendant's right in the involved real estate and to oust him from the possession thereof. If successful in the litigation she would establish her title to property adverse to that of the trustee whom she alleges is in possession, and although the amount of that real estate is small compared to all that is in the trustee's possession, to that extent she would interfere with his administration of the bankrupt estate. In our opinion the action is of the class where it may not be maintained in the state court without the previous leave of the court in which the trustee was appointed.

Our conclusion is that the petition discloses the action is one against a trustee in bankruptcy to establish plaintiff's title to property in possession of the trustee adverse to the trustee; that such suit is incompatible with the trustee's possession and title and affects his administration of his bankrupt's estate; that the trustee was appointed by a United States district court, and that court has exclusive jurisdiction of the bankrupt and its property, and that the action is one which may not be maintained in a state court against the trustee without previous leave of the court appointing the trustee; that no such leave is pleaded, and therefore the petition fails to allege jurisdiction of the district court over the trustee in bankruptcy or the property in his possession as such, and fails to allege leave of the court in which such trustee was appointed, and therefore fails to state a cause of action.

Appellant presents some other reasons why he believes the trial court erred in ruling on his demurrer, but in view of our stated conclusions, those reasons need not be discussed.

The trial court's ruling on the defendant's demurrer to the plaintiff's petition is reversed.