731 F.2d 376
 10 Collier Bankr.Cas.2d 547, 11 Bankr.Ct.Dec. 1090,
Bankr. L. Rep. P 69,856
 In re NASHVILLE WHITE TRUCKS, INC., (a/k/a Mobile Truck &
Trailer Service, Inc.), Debtor.
Martha B. OLSEN, Commissioner of Revenue for the State of
Tennessee, Plaintiff-Appellant,
v.
Irwin A. DEUTSCHER, Trustee, Defendant-Appellee,
United States of America, Intervenor-Appellee.
 No. 83-5289.
 United States Court of Appeals,
Sixth Circuit.
 Submitted March 5, 1984.
Decided April 12, 1984.
 
 William M. Leech, Jr., Atty. Gen. of Tenn., Jimmy G. Creecy, Karen Neal, Asst. Attys. Gen., Nashville, Tenn., for plaintiff-appellant.
 James R. Kelley, John Brittingham, Joe B. Brown, U.S. Atty., Nashville, Tenn., for defendant-appellee.
 Tracy J. Whitaker, Peter M. Lancaster, Civil Div., U.S. Justice Dept., Washington, D.C., for intervenor-appellee.
 Before ENGEL and MARTIN, Circuit Judges, and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Commissioner of Revenue for the State of Tennessee appeals from an order prohibiting her, pursuant to the Bankruptcy Act's automatic stay provisions, 11 U.S.C. Sec. 362 (1982), from taking any action to collect or assess from the trustee in bankruptcy unpaid sales taxes incurred by the debtor while operating under the provisions of Chapter 11 of the Bankruptcy Act. This action challenging the application of section 362's automatic stay provisions to the State of Tennessee was instituted by the Commissioner in United States Bankruptcy Court for the Middle District of Tennessee. The bankruptcy court entered a declaratory judgment that section 362 could be constitutionally applied to the Tennessee Commissioner of Revenue and that the statute prohibited her from attempting to collect the unpaid sales taxes. The United States District Court for the Middle District of Tennessee initially reversed and remanded the case to the bankruptcy court; however, after granting the trustee's and the United States' petitions for reconsideration, the district court vacated its earlier order, adopted the conclusions of the bankruptcy judge, and dismissed the Commissioner's appeal.
 
 
 2
 The facts of this case have been stipulated and are succinctly set forth in the Commissioner's brief:
 
 
 3
 Nashville White Trucks, Inc. operated its business as a debtor-in-possession under Chapter 11 of the Bankruptcy Act from January 10, 1980 until July 2, 1980. Various records and journals maintained by the debtor-in-possession indicate that the debtor-in-possession charged sales taxes on its transactions during the period from January 10, 1980 to July 2, 1980 except such transactions that the debtor-in-possession considered to be exempt. Such tax funds, however, were not placed in a separate segregated account but instead were deposited in the general operating account of the debtor-in-possession. This accrued tax liability of $13,817.57 in unpaid sales and use taxes, penalties and interest owed to the Department of Revenue of the State of Tennessee arose under the provisions of T.C.A. Sec. 67-3001 et seq. and under 28 U.S.C. Sec. 960.
 
 
 4
 On July 2, 1980, Irwin A. Deutscher was appointed Chapter 11 Trustee (hereinafter "trustee") of the estate of Nashville White Trucks, Inc., thereby terminating the debtor-in-possession proceeding. From and after July 2, 1980 the trustee submitted monthly sales and use tax returns to the Department of Revenue summarizing the continued operations of Nashville White Trucks, Inc., and paid all corresponding sales and use taxes that accrued after his appointment. However, the taxes that accrued and were collected prior to his appointment by the debtor-in-possession were not paid.
 
 
 5
 In addition to the post-petition accrued sales tax liability, the estate of Nashville White Trucks, Inc. has incurred various administrative and priority claims, many of which remain unpaid. Virtually all of the estate's assets are encumbered to varying degrees by apparently valid liens and security interests.
 
 
 6
 Brief of Plaintiff-Appellant at 6-7.
 
 
 7
 Several issues are raised on appeal. The Commissioner argues that 28 U.S.C. Sec. 960 (1976), which subjects anyone conducting business under authority of a United States court to all federal, state, and local taxes, essentially overrides the automatic stay provisions of 11 U.S.C. Sec. 362 (1982). Consequently, the Commissioner contends that Tennessee need not obtain relief from the section 362 automatic stay before levying on the debtor's property and satisfying the state tax liability that the debtor-in-possession had incurred. The second argument raised by the Commissioner is that, in the event that section 362 prevents Tennessee from collecting the taxes in question without first obtaining relief from the automatic stay, the application of the Bankruptcy Act to Tennessee violates the Tenth Amendment to the Constitution. This argument is based primarily on National League of Cities v. Usery, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). Finally, the Commissioner asserts that the sales and use taxes collected by the debtor-in-possession constitute a trust fund against which Tennessee may levy.
 
 
 8
 While it undoubtedly was improper for the debtor-in-possession to have continued the operation of the business without making appropriate provision for the payment of all federal and state taxes as specifically called for by 28 U.S.C. Sec. 960 (1976), this omission does not in our judgment justify the Commissioner's attempt to levy directly against the property held now by the courtappointed Chapter 11 trustee. Such a unilateral action by the Commissioner, taken without authorization from the bankruptcy or district courts, would not only tend to impinge upon similar tax claims of the United States, but would also create chaos in the administration of the bankrupt's estate--the very problems which the automatic stay provisions of section 362 were designed to alleviate.
 
 
 9
 Upon consideration of the briefs and records in this appeal, we conclude that the district judge was correct in holding that the Commissioner might not satisfy the debt owing the State of Tennessee by taking action directly against the property of the debtor's bankrupt estate without first seeking relief from the automatic stay provisions of section 362 in bankruptcy court. The bankruptcy judge did not err in concluding that National League of Cities v. Usery, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), and its progeny, did not affect the power of Congress to establish national bankruptcy laws under the express grant of authority contained in the Constitution. U.S. Const. art. I, Sec. 8, cl. 4. Accordingly,
 
 
 10
 The judgment of the district court is AFFIRMED.